

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-90,084-01

### EX PARTE DANNY RICHARD LANE, Applicant

### On Application for a Writ of Habeas Corpus
### Cause No. 1133791-A from the 179th District Court
### Harris County

**RICHARDSON, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

## CONCURRING OPINION

I join with the majority and write separately with additional thoughts on the majority's denial of relief. I agree, in Applicant's sole claim of ineffective assistance of counsel, that Applicant's trial counsel was not ineffective for failure to predict the future.

On June 9, 1982, Applicant pled guilty to the offense of aggravated rape. On March 23, 1987, the trial court terminated his probation and dismissed the conviction pursuant to then-Article 42.12 of the Texas Code of Criminal Procedure. Specifically, the trial judge set aside the verdict and released him from:

all penalties and disabilities resulting from the offense or crime of which he has been convicted, except that proof of his said conviction or plea of guilty shall be known to the court should the defendant again be convicted of any criminal offense.

Act of 1965, 59th Leg., p. 317, ch. 722, § 1 (formerly codified as TEX. CODE CRIM. PROC. art. 42.12, § 7, current version at art. 42A.701(f)). The trial judge was well within his discretion as allowed by statute at the time.

In 1991, Texas enacted its sex-offender registration statute requiring any person with a "reportable conviction or adjudication" to register with local law enforcement in the area of their residence. Act of June 15, 1991, 72nd Leg., R.S., ch.572, Tex. Gen. Laws 2029–32 (redesignated as Tex. Code Crim. Proc. Ch. 62); *see* Tex. Code Crim. Proc. 62.051. In 1997, the Texas Legislature amended the statute to be retroactive to persons convicted prior to the statute's 1991 inception stretching back to 1970.[1]

Subsequently, Applicant was added to the sex offender registry in 1998 and has since been convicted of multiple failures to comply with the sex offender registration requirements. Applicant now complains that his trial counsel was ineffective for failing to inform him that he would have a duty to register upon pleading guilty. As a result of his

---

[1] *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002) The United States Supreme Court has found that sex offender registration laws do not violate the Ex Post Facto Clause of the United States Constitution when they are non-punitive. *See Smith v. Doe*, 538 U.S. 84, 106 (2003) (finding Alaska's Sex Offender Registration Act constitutional). This Court reached a similar conclusion in 2002 regarding the 1997 retroactivity amendment to the Texas sex offender registry laws. *Id*. at 79 ("The intent of the 1997 amendments to Texas's sex-offender registration statute was civil and remedial in nature. Moreover, weighing all the *Kennedy* factors, we conclude that the effect of the amendments is not so punitive as to transform the statute into a criminal sanction.").

attorney's ineffective counsel, Applicant complains that his plea was not knowing and voluntary.

I concur in finding that Applicant has failed to show his trial counsel's ineffectiveness. To hold any attorney to that requirement would create an impossible professional standard to satisfy. Furthermore, where an attorney is also board certified, holding them to an impossible standard also threatens their ability to retain such professional credentials. A board-certified attorney who is found guilty of professional misconduct is required to report themselves to the Texas Board of Legal Specialization.[2] This includes court findings of ineffective assistance of counsel. Upon review of the misconduct, the Texas Board of Legal Specialization maintains the discretionary authority to revoke the attorney's board certification. Thus, for this Court to set precedent requiring attorneys to predict the future would be a potential sanction not derived from careful reasoning and contemplation that the judiciary ought to pursue.

Therefore, I agree that Applicant's claim of ineffective assistance of counsel must fail. For these reasons, I join the majority and respectfully concur.

Filed: June 28, 2023

Publish

---

[2] Tex. Bd. Leg. Specialization Rules and Reg. § II(A); *see* Tex. Disc. R. Prof. Cond. 1.01, 8.04 (requiring attorneys in Texas to ethically provide competent and diligent representation).

3